**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-1118

ANGELA D. MCLEOD,

          Plaintiff - Appellee,

     v.

CAROLYN W. COLVIN, Acting Commissioner of SSA,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.   (5:13-cv-00550-BO)

Submitted:  August 31, 2015          Decided:  September 11, 2015

                 Amended:  September 14, 2015

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David F. Black, General Counsel, Cassia W. Parson, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Thomas G. Walker, United States Attorney, Caroline D. Lopez, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.   Charlotte W. Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Acting Commissioner of Social Security appeals the district court's orders: (1) reversing the Commissioner's decision denying the application of Angela D. McLeod for disability insurance benefits and supplemental security benefits; (2) remanding for an award of benefits; and (3) denying the Commissioner's Federal Rule of Civil Procedure 59(e) motion. We hold that the district court did not abuse its discretion in reversing the Commissioner's decision instead of remanding the matter to the Commissioner for further consideration of the administrative record. Accordingly, we affirm the district court's judgment.

I.

Following a hearing, the administrative law judge (ALJ) found that McLeod suffered from a number of severe impairments, including malignant hypertension and migraine headaches. The ALJ found that none of the impairments, singly or in combination, met or equaled a listing at 20 C.F.R. pt. 404, subpt. P., app. 1 (2012). The ALJ also found that McLeod retained the residual functional capacity (RFC) to perform light work, with some restrictions. Consequently, on the basis of the evidence in the record, the ALJ found that McLeod was not disabled and not entitled to benefits. The Appeals Council

2

upheld this decision, which became the final decision of the Commissioner.

McLeod then filed a complaint in the district court. Following a hearing on the parties' cross-motions for judgment on the pleadings, the district court reversed the Commissioner's decision on the ground that it was not supported by substantial evidence. The court focused on the ALJ's handling of evidence related to McLeod's hypertension and migraine headaches. The court found that the record did not support the ALJ's finding that these conditions were managed when McLeod was compliant with medication. Specifically, the court found that McLeod's symptoms "continued despite medication compliance." (J.A. 22). Additionally, the district court determined that the ALJ did not give "sufficient weight" to the opinion of McLeod's treating physician. (J.A. 22). Because the vocational expert testified that there were no jobs that McLeod could perform if her migraines and hypertension were not controlled, the court remanded for an award of benefits.

## II.

"When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied the correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird

3

v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance," Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir 1966). "In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Nor should the reviewing court "engage in these exercises in the first instance." Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013).

"If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling 'with or without remanding the cause for a rehearing.'" Id. at 295 (citing 42 U.S.C. § 405(g) (2012)). It is appropriate to reverse without remanding for further proceedings if "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and . . . reopening the record for more evidence would serve no purpose." Breeden v. Weinberger, 493 F.2d 1002, 1012 (4th Cir. 1974). "We review the district

4

court's choice of remedy—to affirm, modify, or reverse—for abuse of discretion." Radford, 734 F.3d at 295.

In its brief, the Commissioner overstates this Court's holding in Radford. In that case, the ALJ's denial of benefits was "devoid of reasoning." Id. While the ALJ in Radford did cite state medical opinions, he did not "indicate *why* the opinions merit[ed]" the weight he afforded them. Id. Furthermore, the ALJ failed to provide any explanation why he rejected the treating physician's opinions. Id. at 295-96. While the district court ruled that remand was futile, we noted that there was some conflicting evidence in the record. Id. at 296. Consequently, the record was "ambivalen[t]." Id. Because of this, and because the ALJ failed to explain his reasoning, the district court could not meaningfully review the record. Id. Thus, remanding for further proceedings was necessary. Id.

Here, however, the ALJ provided reasoning in finding that McLeod's ailments could be managed by medication. Thus, unlike in Radford, the district court had the opportunity to consider the ALJ's analysis and determine if it was indeed supported by substantial evidence. The district court concluded that the record did not support the ALJ's conclusion that McLeod's symptoms could be managed by medication. Indeed, the district court found that the evidence pointed decidedly in the other direction.

5

We thus conclude that the district court did not abuse its discretion in reversing the decision of the Commissioner and directing the Social Security Administration to award benefits. Remanding for further development of evidence or consideration of the record is unnecessary.

III.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>