**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1700**

THOMAS R. BOWERS,

              Plaintiff – Appellant,

        v.

CAROLYN W. COLVIN,

              Defendant – Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:10-cv-00458-JAB-LPA)

Argued:  September 16, 2015           Decided:  October 8, 2015

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** James Kevin Morton, Winston-Salem, North Carolina, for Appellant.  Jeanne Dana Semivan, SOCIAL SECURITY ADMINISTRATION, Boston, Massachusetts, for Appellee.  **ON BRIEF:** Ripley Rand, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina; John J. Engel, Special Assistant United States Attorney, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Boston, Massachusetts, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Bowers ("Bowers") petitions for review of the denial of his claim for disability benefits under the Social Security Act (the "SSA"). The administrative law judge (the "ALJ") reviewing the claim concluded that Bowers failed to meet his burden to show that he suffered from Chronic Fatigue Syndrome ("CFS"). The district court, adopting a Report and Recommendation from the assigned magistrate judge, granted the Commissioner's motion for judgment on the pleadings. For the reasons that follow, we affirm the judgment of the district court.

I.

In 2004, Bowers applied for Social Security disability benefits, claiming that he suffered from CFS. On June 20, 2008, the ALJ who reviewed the application found that Bowers was not disabled. Specifically, the ALJ found that "[w]hile the medical record does show that the claimant complained of fatigue, it does not show a diagnosis of chronic fatigue syndrome." A.R. 20. In the absence of a documented medical diagnosis, the ALJ determined that Bowers failed to show that he suffered from CFS.

Following the ALJ's decision, Bowers unsuccessfully petitioned the Social Security Appeals Council for review of the

2

decision, which at that point became final. Bowers then initiated this action in the United States District Court for the Middle District of North Carolina. After the Social Security Commissioner moved for judgment on the pleadings, the district judge referred the case to the assigned magistrate judge for a Report and Recommendation on the motion. The magistrate judge recommended that the motion be granted, and Bowers timely filed objections. The district judge adopted the Report and Recommendation and dismissed the case.

## II.

On appeal, Bowers contends that he met his burden of showing that he suffered from CFS, and that the ALJ's conclusion was therefore erroneous. Before turning to Bowers's arguments, we briefly set out the standard of review.

## A.

In determining whether Bowers met his burden of showing that he has a qualifying disability, we "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence.'" Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015) (quoting Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012)).

3

Our review of the district court's decision to grant the Commissioner's motion for judgment on the pleadings is de novo. Id. (citing Korotynska v. Metro. Life Ins. Co., 474 F.3d 101, 104 (4th Cir. 2006)).

With this standard in mind, we turn to Bowers's challenge to the Commissioner's decision.

B.

Bowers contends that the ALJ's determination was flawed because Bowers demonstrated that he suffered from CFS. More specifically, Bowers asserts that the ALJ's decision is contradicted by the record, which (according to Bowers) contains evidence of symptoms that meet the diagnostic criteria for CFS. Bowers also contends that the ALJ's determination that Bowers retained a sufficient residual functional capacity was erroneous, because the ALJ did not consider Bowers's CFS-related limitations.[1]

The adjudicative process governing a claim for social security disability benefits involves a well-established, five-step procedure. Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (citing 20 C.F.R. § 404.1520(a)(4); Hancock v. Astrue,

---

[1] Because we find that substantial evidence supports the ALJ's finding that Bowers did not suffer from CFS, however, we need not reach this argument.

667 F.3d 470, 472–73 (4th Cir. 2012)). These steps proceed as follows, as the Commissioner determines whether the claimant:

(1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a 'listed' impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford, 734 F.3d at 290–91 (citing Hancock, 667 F.3d at 472–73).

This appeal concerns the ALJ's determination at step two of that procedure, under which Bowers was required to show "a severe medically determinable physical or mental impairment . . . or a combination of impairments that is severe." 20 C.F.R. § 404.1520(a)(4)(ii). Significant for purposes of our analysis, the claimant bears the burden of production and proof to show that he suffers from a severe medically determinable impairment. Radford, 734 F.3d at 291.

The record makes clear that no doctor has ever diagnosed Bowers with CFS. For this reason, Bowers does not take issue with the ALJ's assessment that, "while the medical record does show that [Bowers] complained of fatigue, it does not show a diagnosis of chronic fatigue syndrome." A.R. 20. The record does contain a notation from a September 2004 evaluation, where Bowers's doctor wrote under "ASSESSMENT" that Bowers "ha[d] chronic fatigue, possibly associated with previous Epstein-Barr

5

virus exposure." A.R. 557. Later that year, in December 2004, the same doctor's assessment again included the words "chronic fatigue." A.R. 491. These notations are not a diagnosis of CFS. Rather, these statements demonstrate that Bowers self-reported chronic fatigue as a symptom, and that Bowers's physician was considering CFS as a potential diagnosis. But that diagnosis did not materialize; the record contains no subsequent notations regarding CFS.

Bowers contends that he was not required to show a medical diagnosis of CFS, and that, if the ALJ had reviewed the record, he would have determined that Bowers suffers from CFS. According to Bowers, the medical record reflects that he had symptoms that satisfy the diagnostic criteria for the condition, and that this sufficiently proves that he suffers from CFS as a medically determinable impairment. In other words, Bowers argues that he can demonstrate an impairment by offering evidence of the impairment's symptoms. To support his argument, Bowers points to Social Security Ruling 99-2p, which provides standards for evaluating claims of disability based upon CFS. Soc. Sec. Ruling, SSR 99-2p, Titles II and XVI: Evaluating Cases Involving Chronic Fatigue Syndrome (CFS), 64 Fed. Reg. 23380

6

(Apr. 30, 1999) (hereinafter "SSR 99-2p").[2]  That Ruling explains its function as follows:

> [The Social Security Act] and our implementing regulations require that an individual establish disability based upon the existence of a medically determinable impairment; i.e., one that can be shown by medical evidence, consisting of medical signs, symptoms and laboratory findings. . . . This Ruling explains that CFS, when accompanied by appropriate medical signs or laboratory findings, is a medically determinable impairment that can be the basis for a finding of "disability." It also provides guidance of claims involving CFS.

SSR 99-2p, 64 Fed. Reg. at 23381.  Bowers argues that SSR 99-2p allows a claimant to prove that he suffers from CFS, even in the absence of a formal diagnosis, by establishing that he has exhibited the medical signs enumerated in the ruling. He argues that by demonstrating that he has manifested the diagnostic criteria of CFS, he has established that he suffers from a recognized impairment.  In particular, Bowers points to evidence in the record of muscle tenderness, fatigue, and an elevated Epstein-Barr virus titer.  Based upon this evidence, Bowers contends that he has exhibited the established criteria for CFS, and therefore has met his burden to establish an impairment.

---

[2] SSR 99-2p was in effect at the time the ALJ initially adjudicated Bowers's claim. Since that time, the Social Security Administration has rescinded SSR 99-2p and replaced the Ruling with SSR 14-1p, which updates the diagnostic criteria in the rule based upon advances in medical knowledge of CFS.

Bowers has provided no legal authority in support of his view of SSR 99-2p, and we find his argument unpersuasive. In essence, Bowers's reading of the Ruling asks the ALJ to do what Bowers's own doctors did not: diagnose him with CFS based upon his symptoms. Bowers argues that the ALJ should have combed through the record to determine whether Bowers's documented medical symptoms suggested that he suffered from CFS. SSR 99-2p does not require the ALJ to make such an assessment.[3] Instead, the Ruling addresses how the ALJ should determine whether the claimant's symptoms--measured against established medical criteria--support the doctor's diagnosis. In this manner, although SSR 99-2p does not expressly require a formal medical diagnosis of CFS, it certainly proceeds from the assumption that one has been made.[4] The text of 99-2p makes this clear:

---

[3] This would have been particularly difficult for the ALJ to do in this case, because the laboratory results relating to Bowers's elevated Epstein-Barr virus titers were not in the record. Bowers's doctor, however, had this information, including the numeric values of the laboratory findings. By contrast, the record before the ALJ only contained a doctor's notation that the readings were "elevated." A.R. 556.

[4] In fact, the current version of the Ruling expressly acknowledges that a diagnosis of CFS is necessary, but not sufficient, to establish a medically determinable impairment. SSR 14-1p specifically states: "A person can establish that he or she has . . . CFS by providing appropriate evidence from an acceptable medical source. . . . We cannot rely upon the physician's diagnosis alone." Soc. Sec. Ruling 14-1p, Titles II and XVI: Evaluating Cases Involving Chronic Fatigue Syndrome (Continued)

8

> CFS is a systemic disorder consisting of a complex of symptoms that may vary in incidence, duration, and severity. . . . In accordance with the criteria established by the CDC, <u>a physician should make a diagnosis of CFS</u> only after alternative medical and psychiatric causes of chronic fatiguing illness have been excluded.

SSR 99-2p, 64 Fed. Reg. at 23381 (emphasis added). Moreover, SSR 99-2p repeatedly states that its criteria are to be applied to "individuals with CFS" or "persons with CFS," which would be circular if the ALJ's role were (as Bowers suggests) to determine whether the claimant was an individual with CFS. See, e.g., id. at 23381–82.

Indeed, this court's ruling in <u>Mastro v. Apfel</u>, 270 F.3d 171 (4th Cir. 2001), supports our holding that a medical determination is a necessary, but not sufficient, requirement for a finding of disability based upon CFS. In <u>Mastro</u>, we affirmed the Commissioner's decision to deny disability benefits to a claimant who had been diagnosed with CFS, because the diagnosis was not supported by the medical indicia required by SSR 99-2p. <u>Id.</u> at 178–79. It would be curious indeed if we were to hold that Bowers, who was never diagnosed with CFS, was entitled to benefits, given the plaintiff in <u>Mastro</u> was not successful. If it is true, as Bowers argues, that the ALJ could

---

(CFS), 2014 SSR LEXIS 1, at *9–10, 2014 WL 1371245, at *4 (Apr. 3, 2014) (footnote omitted).

have found an impairment of CFS based upon his symptoms, then a doctor could easily have done the same. We merely hold that the law requires this determination to be made by a doctor, and not an ALJ, in the first instance.

In sum, we conclude that substantial evidence supports the ALJ's determination that Bowers failed to establish through medical evidence that he suffered from CFS.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.