**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1021**

JIMMY RADFORD,

    Plaintiff - Appellee,

  v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-cv-00347-BO)

Argued: September 17, 2013   Decided: October 29, 2013

Before GREGORY, DAVIS, and KEENAN, Circuit Judges.

Vacated and remanded by published opinion. Judge Davis wrote the opinion, in which Judge Gregory and Judge Keenan joined.

**ARGUED:** Samantha Lee Chaifetz, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant. Charlotte Williams Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellee. **ON BRIEF:** David F. Black, General Counsel, Gabriel R. Deadwyler, Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Thomas G. Walker, United States Attorney, Raleigh, North Carolina, Stuart F. Delery, Principal Deputy Assistant Attorney General, Michael S. Raab, Attorney, Sparkle L. Sooknanan, Attorney, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.

DAVIS, Circuit Judge:

Jimmy Radford applied for social security disability benefits after he sustained an injury to his back. An Administrative Law Judge (ALJ) denied Radford's claim, finding, among other things, that he was not disabled because his back impairment did not "meet or equal" Listing 1.04A, the regulation identifying disorders of the spine that merit a conclusive presumption of disability and an award of benefits. 20 C.F.R. Part 404, Subpart P, App. 1 § 1.04A. After the Appeals Board denied his request for review, Radford sought judicial review of the ALJ's decision in federal district court in North Carolina. And he won: the district court found that "the evidence as a whole compels a conclusion" that Radford met Listing 1.04A; it reversed the decision of the ALJ as unsupported by substantial evidence; and it took the extra step of remanding the case for an award of benefits.

Carolyn Colvin, the Acting Commissioner of Social Security, contends on appeal that the district court applied the wrong legal standard in ruling that Radford's condition met or equaled Listing 1.04A, and that it erred in remanding with instructions to award benefits.

We hold that the district court did not err in its application of Listing 1.04A; however, we vacate the judgment of the district court because its decision to direct the ALJ to

2

award benefits was an abuse of discretion. We order a remand to the agency for further proceedings.

## I.

Title II of the Social Security Act "provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability." Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The Commissioner uses a five-step process for evaluating claims for disability benefits. 20 C.F.R. § 404.1520(a)(4); Hancock v. Astrue, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a "listed" impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy. Hancock, 667 F.3d at 472-3. The claimant has the burden of production and proof at Steps 1-4. Id.

This case involves Step 3, the "listed" impairments step.[1]

---

[1] Although the ALJ made findings with regard to the other steps, the parties do not discuss, and we need not consider, the remaining steps because "[i]f a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps." Hancock, 667 F.3d at 473.

The Social Security Administration has promulgated regulations containing "listings of physical and mental impairments which, if met, are conclusive on the issue of disability." McNunis v. Califano, 605 F.2d 743, 744 (4th Cir. 1979). A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition "meets or equals the listed impairments." Bowen v. City of New York, 476 U.S. 467, 471 (1986).[2]

At issue in this case is the listing that covers disorders of the spine: A claimant is entitled to a conclusive presumption that he is disabled if he can show that his disorder results in compromise of a nerve root or the spinal cord. 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04. Listing 1.04A further describes the criteria a claimant must meet or equal to merit a conclusive presumption of disability arising out of compromise of a nerve root or the spinal cord:

> [e]vidence of nerve root compression characterized by [1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, [4] positive straight-leg raising test (sitting and supine)[.]

---

[2] If the claimant's impairments are not listed, he still qualifies for benefits if he shows that he cannot perform his past work, and cannot – in light of his residual functional capacity, age, education, and work experience - perform other work. Bowen, 476 U.S. at 471.

4

20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A. It is the assessment of these criteria at the root of this appeal.

II.

Radford worked as a tree trimmer. In December 2002, when he was 38, he sustained an injury lifting part of a tree at work and sought emergency medical care for pain in his lower back, legs, and knees. The treating physician diagnosed a back sprain and discharged Radford with medication.

Over the next five years, Radford consulted several doctors who collectively observed – at various points in time – different symptoms of nerve root compression present in Radford.

In June 2007, Radford applied for social security disability benefits. A state agency medical consultant found that Radford had "discogenic"[3] and "degenerative" "disorders of the back," but concluded that Radford was not disabled within the meaning of the Social Security Act. (A.R. 52.) A second consultant concurred.

The ALJ denied Radford's claim. The ALJ found that Radford had two severe impairments - lumbar degenerative disc disease and chronic obstructive pulmonary disorder - but that neither qualified as an impairment under Listings 1.04A (disorders of

---

[3] "Discogenic" means "caused by derangement of an intervertebral disk." Dorland's Medical Dictionary for Health Consumers (2007).

the spine) or 3.02 (chronic pulmonary insufficiency), and neither constituted any other type of impairment listed under sections 1.00 (musculoskeletal), 3.00 (respiratory system), 11.00 (neurological), and 13.00 (malignant neoplastic diseases). The ALJ provided no basis for his conclusion, except to say that he had "considered, in particular," the listings above, and had noted that state medical examiners had also "concluded after reviewing the evidence that no listing [was] met or equaled." (A.R. 17).

The ALJ also found that Radford would be unable to continue working as a tree trimmer, but that he could work as a food and beverage order clerk, surveillance system monitor, or addresser. Thus, the ALJ concluded that Radford was not disabled within the meaning of the Act.

The Appeals Council declined Radford's request for review, rendering the ALJ's decision final.

Radford sought judicial review in federal court, asserting that the ALJ had erred by finding that Radford had not established that he met or equaled the Listing 1.04 impairments. Radford v. Astrue, 2012 WL 3594642, at *1 (E.D.N.C. Aug. 20, 2012). On cross-motions for judgment on the pleadings, Fed. R. Civ. P. 12(c), the district court agreed with Radford, concluding that the ALJ's determination that he had "not [met] Listing 1.04 [was] not supported by substantial evidence"

6

because the ALJ's opinion failed to apply the requirements of the listings to the medical record. Id. at *2. The district court further concluded that the extensive medical record showed that Radford fell within Listing 1.04A because all of the required medical findings were present in Radford's extensive medical record. Id. at *3. Accordingly, the district court reversed the decision of the ALJ and remanded the case with instructions to award benefits. Id.

The district court denied the Commissioner's motion for reconsideration, and the Commissioner timely appealed.

III.

The Commissioner contends that the district court "improperly substituted its own view" of the Social Security Administration's regulations for that of the Commissioner by effectively interpreting Listing 1.04A to require that the listed criteria "be present intermittently at some point in the medical record." (App. Br. 24) (emphasis added). Instead, the Commissioner argues that the listed signs and symptoms must be "simultaneously present" "over a period of time sufficient to establish that the impairment has lasted or can be expected to last at listing-level severity for a continuous period of at least twelve months." (App. Br. 22, 27) (emphasis added). She contends that the ALJ applied the standard correctly in concluding that Radford did not meet Listing 1.04A.

7

In apparent recognition of the novelty of this interpretation, counsel for the Commissioner retreated from it during oral argument. The Commissioner's (somewhat) modified contention is that Listing 1.04A contains a proximity-of-findings requirement: To meet or equal Listing 1.04A, the claimant has the burden of producing evidence that his nerve root compression is characterized by sufficiently proximate (and perhaps simultaneous) medical findings of (1) neuro-anatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and (4) positive straight-leg raising test.

The Commissioner's contention is unpersuasive. The interpretation advanced is not supported by the text or structure of the regulation. We therefore reject the Commissioner's invitation to read an additional proximity-of-findings requirement into Listing 1.04A. Because this appeal turns on construction of an administrative regulation, we review the district court's ruling de novo. Precon Dev. Corp., Inc. v. U.S. Army Corps of Engineers, 633 F.3d 278, 289-90 (4th Cir. 2011) (observing that statutory construction is a "question of law").

The first step in construing a regulation is to consider the text, Chase Bank USA, N.A. v. McCoy, 131 S. Ct. 871, 878

8

(2011), and the text here does not contain a requirement governing when symptoms must present in the claimant. Listing 1.04A provides that certain "disorders of the spine" are among the impairments conclusively establishing disability. It requires only "[e]vidence of nerve root compression characterized by" – i.e., distinguished by - the four symptoms. 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A; Merriam Webster's Collegiate Dictionary 192 (10th ed. 1997) ("characteristic"). The use of "and" to connect the four symptoms means that all of the symptoms must be present in the claimant, but the provision does not specify when they must be present. And it certainly does not say that they must be present at the same time, see Merriam Webster's Collegiate Dictionary 1094 (10th ed. 1997) (defining "simultaneous" as "existing or occurring at the same time"), or that they must be present within a certain proximity of one another.

The regulation does not specify when the findings must be present because it does not need to: The regulation already imposes a duration requirement on the claimant. See Healthkeepers, Inc. v. Richmond Ambulance Auth., 642 F.3d 466, 471 (4th Cir. 2011) (stating that the Court may "discover the plain meaning" of a regulation by looking at its structure). Under Step 3, the regulation states that a claimant will be found disabled if he or she has an impairment that "[1] meets or

9

equals one of our listings in appendix 1 of this subpart <u>and</u> [2] meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii) (emphasis added). The critical durational inquiry for purposes of awarding benefits is whether the impairment has lasted or is expected to last "for a continuous period of at least 12 months." 20 C.F.R. § 404.1509 ("How long the impairment must last"). This language mirrors that of the statute: The Social Security Act provides benefits for claimants with a "disability," defined as an

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or <u>which has lasted or can be expected to last for a continuous period of not less than 12 months</u>.

42 U.S.C. § 423(d)(1)(A) (emphasis added). The duration requirement thus screens out claimants with impairments that have not lasted and cannot be expected to last for a continuous year or more.

The Commissioner seeks a bright line rule specifying when and how Listing 1.04A's symptoms must present in the claimant, but the regulatory structure eschews such a rule in favor of a more free-form, contextual inquiry that makes 12 months the relevant metric for assessment of the claimant's duration of disability. Neither the text nor the structure of the regulation reveal an intent to layer a more stringent proximity-of-findings

10

requirement on top of the durational requirement. And that makes sense: It would be peculiarly redundant to require that a claimant prove that his impairment will last or has lasted at least 12 months <u>and</u> that he produce medical examinations showing that each symptom in Listing 1.04A presents either simultaneously or in sufficiently close proximity such that an ALJ could conclude that the claimant's impairment will last or has lasted at least 12 months. We reject such a redundant construction of the regulation. <u>See</u> <u>PSINet, Inc. v. Chapman</u>, 362 F.3d 227, 232 (4th Cir. 2004) (observing that courts typically "reject constructions that render a term redundant").

With no basis in text or structure, the Commissioner seeks to defend her interpretation by invoking agency deference. <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 844 (1984). There are two problems with this. First, other than the un-cited proposition in its brief, the Commissioner points to no other authority – no Social Security Ruling, no regulation, no letter or agency memorandum – that suggests that the Commissioner has ever adopted a proximity-of-findings requirement until her briefing to this Court. We thus cannot conclude that the interpretation advanced reflects the "fair and considered judgment" of the Commissioner; instead, it reads more like a litigating position or "a <u>post</u> <u>hoc</u> rationalization." <u>Christopher v. SmithKline Beecham Corp.</u>, 132

11

S. Ct. 2156, 2166-67 (2012) (internal citations and quotations omitted).

Second, the Court declines to defer to the Commissioner's interpretation because it is plainly inconsistent with the text and structure of the regulation. Id. Listing 1.04A says nothing about a claimant's need to show that the symptoms present simultaneously in the claimant or in close proximity to one another. (And the Commissioner points to no federal circuit court that has ever adopted this view.) It is unambiguous. "An agency's interpretation of a regulation is not entitled to deference where the regulation's meaning is unambiguous," Anim v. Mukasey, 535 F.3d 243, 254 (4th Cir. 2008); the Commissioner's interpretation of Listing 1.04A is therefore not entitled to deference. See Pitzer v. Sullivan, 908 F.2d 502, 505 (9th Cir. 1990) (rejecting the agency's attempt to add new requirements to a medical listing contrary to the plain text of the regulation).

We hold that Listing 1.04A requires a claimant to show only what it requires him to show: that each of the symptoms are present, and that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months. 20 C.F.R. § 404.1509. A claimant need not show that each symptom was present at precisely the same time - i.e., simultaneously - in order to establish the chronic nature of his

12

condition. Nor need a claimant show that the symptoms were present in the claimant in particularly close proximity. As the Commissioner recognizes, "abnormal physical findings may be intermittent," but a claimant may nonetheless prove a chronic condition by showing that he experienced the symptoms "over a period of time," as evidenced by "a record of ongoing management and evaluation." (App. Br. 25) (quoting 20 C.F.R. Part 404, Subpart P, 1.00D). To require proximity of findings would read a new requirement into the listing that is unsupported by the text, structure, medical practice, or common sense, and we decline to do so.

IV.

Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than "reversing" the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.

Like us, the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013). If the reviewing court decides that the ALJ's

13

decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. See Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). If the reviewing court has no way of evaluating the basis for the ALJ's decision, then "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). There are, however, exceptions to that. See Breeden v. Weinberger, 493 F.2d 1002, 1011-12 (4th Cir. 1974) (reversing for award of benefits where case was quite old, record had no need to be reopened, and the case had already been on appeal once before). We review the district court's choice of remedy - to affirm, modify, or reverse - for abuse of discretion. Id.

We conclude that the district court abused its discretion in directing an award of benefits rather than remanding for further explanation by the ALJ of why Radford does not meet Listing 1.04A. The ALJ's decision regarding the applicability of

14

Listing 1.04A is devoid of reasoning. He summarily concluded that Radford's impairment did not meet or equal a listed impairment, but he provided no explanation other than writing that he "considered, in particular," a variety of listings, including Listing 1.04A, and noting that state medical examiners had also concluded "that no listing [was] met or equaled." (A.R. 16–17). This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (reversing and remanding when ALJ "failed to compare [the claimant's] symptoms to the requirements of any of the four listed impairments, except in a very summary way"). A full explanation by the ALJ is particularly important in this case because Radford's medical record includes a fair amount of evidence supportive of his claim, Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987); indeed, there are five years of medical examinations, and there is probative evidence strongly suggesting that Radford meets or equals Listing 1.04A.

The ALJ cited the state medical opinions in support of his conclusion, but that is not enough to constitute "substantial evidence." Even if the ALJ's exclusive citation to those opinions indicates the (apparently very high) evidentiary weight he placed on them, it does not indicate why the opinions merit that weight. See Lester v. Chater, 81 F.3d 821, 831 (9th Cir.

15

1995) (holding that reliance on the opinion of nonexamining physicians cannot, by itself, constitute substantial evidence). Moreover, the ALJ appeared to totally – and without explanation – reject the opinions of Radford's treating physicians in favor of the state medical examiners; this raises red flags because the state medical opinions are issued by non-examining physicians and are typically afforded less weight than those by examining and treating physicians. See 20 C.F.R. § 404.1527(c) (providing that medical opinions from examining and treating physicians are given more weight than those of non-examining, non-treating physicians).

The district court reasoned that remand was futile because the ALJ's decision regarding Listing 1.04A was not supported by substantial evidence, Radford's case has been pending for some time, and the evidence actually compelled the conclusion that Radford met the listing. Radford, 2012 WL 3594642, at *3. The Commissioner, however, correctly notes that "there is at least conflicting evidence in the record" as to whether Radford satisfied the listing. (App. Br. 25). For example, the record contains instances where Radford showed limited motion of the spine on at least four occasions, positive straight leg raises at least five times, and sensory or reflex loss on at least three occasions. But the record also shows that Radford exhibited no weakness, sensory loss, or limitation of motion

16

during some examinations, and Dr. Kushner opined more than once that Radford's pain was inconsistent with his physical findings.

Given the depth and ambivalence of the medical record, the ALJ's failure to adequately explain his reasoning precludes this Court and the district court from undertaking a "meaningful review" of the finding that Radford did not satisfy Listing 1.04A. Kastner v. Astrue, 697 F.3d 642, 648 (7th Cir. 2012). Just as it is not our province to "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]," Hancock, 667 F.3d at 472 (alteration in original), it is also not our province – nor the province of the district court – to engage in these exercises in the first instance.

V.

For the reasons set forth, the judgment is vacated and this case is remanded with instructions that the district court remand the case for further proceedings before the agency.

VACATED AND REMANDED

17