**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1998**

LARRY CHARLES FURR,

                    Plaintiff - Appellant,

          v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.   Richard M. Gergel, District
Judge.   (6:13-cv-01229-RMG)

Submitted:  February 27, 2015          Decided:  March 9, 2015

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Larry Charles Furr, Appellant Pro Se.  Barbara Murcier Bowens,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Charles Furr filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits, claiming that he had become disabled and unable to work on March 1, 2010. Both applications were denied by the Commissioner of the Social Security Administration ("Commissioner"). Upon Furr's request, an administrative law judge ("ALJ") held a hearing, in which Furr amended the alleged onset date of his disability to October 3, 2011. After considering the evidence, the ALJ concluded that Furr had not been disabled for purposes of his DIB and SSI applications.

After exhausting his administrative appeal, Furr filed a complaint in the district court. He asserted that the decisions of the ALJ and the Appeals Council were contrary to law and not supported by substantial evidence. The district court, adopting the magistrate judge's recommendation over Furr's objections, determined that substantial evidence supported the Commissioner's decision and affirmed the denial of benefits.

Although Furr raises numerous issues for review on appeal, we address only one. Furr claims that the ALJ erred by deciding his case without considering the documents constituting his SSI application. The Commissioner concedes, and our review of the record before us confirms, that Furr's SSI application is absent from the administrative record submitted by the Commissioner to

the district court. Furthermore, after reviewing the record, we cannot say that the SSI application was included in the administrative record before the ALJ. Furr further alleges that his SSI application included evidence of a neuropathy diagnosis, which, if he is accurate, is inconsistent with the ALJ's finding that the record contained no diagnosis of neuropathy.

We "review[] the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Id. Thus, "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Id. (internal quotation marks omitted). Additionally, "the ALJ must fully and fairly develop the record so that a just determination of disability may be made." Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994); see also Marsh v. Harris, 632 F.2d 296, 299 (4th Cir. 1980).

Based on the record before us, we conclude that the only evidence in the administrative record that was considered by the ALJ concerned the period of disability and impairments alleged by Furr in his DIB application. Although Furr's SSI application

appears to concern the same period of disability and impairments as he alleged in his DIB application, Furr asserts that his SSI application included evidence that was not adduced in his DIB application and that apparently was not considered by the ALJ. The absence of Furr's SSI application from the administrative and district court records precludes a determination whether Furr's allegations concerning the evidence from his SSI application are accurate. Due to this absence, we conclude that the ALJ failed to adequately develop the record, and that the record before the district court did not allow it to adequately evaluate the basis for the ALJ's decision.

Accordingly, we vacate the district court's order and remand the case to the district court with instructions to remand the case to the agency for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

4