**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-2106

CHARLES A. BROWN,

        Plaintiff - Appellant,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Graham C. Mullen, Senior District Judge.  (1:13-cv-00096-GCM)

Submitted:  January 26, 2016      Decided:  February 9, 2016

Before GREGORY and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Charlotte W. Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellant.   Jill W. Rose, Acting United States Attorney, Charlotte, North Carolina; John J. Engel, Special Assistant United States Attorney, Boston, Massachusetts, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles A. Brown appeals the district court's order upholding the Commissioner's denial of Brown's applications for disability insurance benefits and supplemental security income. On appeal, Brown primarily argues that the district violated Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), when affirming the administrative law judge's (ALJ) finding that Brown's heart condition does not meet or equal the criteria of Listing 4.04C. Specifically, Brown contends that the ALJ failed to explain sufficiently his finding that Brown's impairment does not meet or equal the Listing criteria and that the district court erred by mining facts from the medical record to support the ALJ's decision. We agree that the ALJ's explanation was inadequate and that the district court erred in its analysis. Accordingly, we vacate the district court's judgment and direct the court to remand the case to the agency for further proceedings consistent with this opinion.

"We will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a

2

mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, ___ F.3d ___, No. 14-2255, 2015 WL 9204335, at *3 (4th Cir. Dec. 17, 2015) (citation and internal quotation marks omitted). We do not "reweigh conflicting evidence[] [or] make credibility determinations" in evaluating whether a decision is supported by substantial evidence; rather, "[w]here conflicting evidence allows reasonable minds to differ," we defer to the Commissioner's decision. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

The Commissioner uses a five-step process to evaluate a disability claim. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2015). Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id. The claimant bears the burden of proof at Steps One through Four, but the burden shifts to the Commissioner at Step Five. Pearson, 2015 WL 9204335, at *3. If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

3

Brown argues that the ALJ's Step Three analysis was grossly inadequate under our holding in Radford. In explaining his decision at Step Three — that Brown's heart condition does not meet or equal the level of severity of Listing 4.04C — the ALJ stated only that:

> The medical evidence of record does not establish the presence of objective findings that would meet or equal any impairment listed in the Listing of Impairments as found in Appendix 1, Subpart P of Regulations No. 4. This is consistent [with] the State Agency opinion considering Listing[] 4.04 (Ischemic Heart Disease).

We found a substantially similar explanation deficient in Radford because it was "devoid of reasoning" and rendered impossible the task of determining whether the ALJ's finding was supported by substantial evidence. 734 F.3d at 295.

The Commissioner contends that, despite the similarity in the cursory explanations provided by the ALJ here and the ALJ in Radford, we should not remand for further proceedings because, unlike the medical record in Radford, the medical record here clearly establishes that Brown's heart condition does not meet or equal the criteria of Listing 4.04C. We conclude that Brown's medical record is not so one-sided that one could clearly decide, without analysis, that Listing 4.04C is not implicated. Further, we do not accept Brown's and the Commissioner's invitations to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step

4

Three, and it was error for the district court to do so. Instead, we remand to avoid engaging in fact-finding "in the first instance" and to allow the ALJ to further develop the record so that we can conduct a meaningful judicial review in the event the case returns to us. Radford, 734 F.3d at 296.

Brown also argues on appeal that the district court erred in concluding that the ALJ properly accorded less than controlling weight to the opinion of one of Brown's treating cardiologists. However, in view of our decision to vacate the decision and remand on Step Three of the sequential analysis, we decline to address this issue.

Accordingly, we vacate the district court's judgment and remand with instructions to remand the case to the agency for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED