**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-2456**

_____

ELENA TERESA JONES,

              Plaintiff - Appellant,

        v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Thomas M. DiGirolamo, Magistrate Judge.  (8:14-cv-01814-TMD)

_____

Argued:  January 26, 2017                          Decided:  March 14, 2017

_____

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Dana Wayne Duncan, DUNCAN DISABILITY LAW, S.C., Wisconsin
Rapids, Wisconsin, for Appellant.  David Nathaniel Mervis, SOCIAL SECURITY
ADMINISTRATION, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Rod J.
Rosenstein, United States Attorney, Benjamin B. Prevas, Special Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal, Elena Jones challenges the district court's judgment upholding the decision of the Social Security Administration denying her application for disability benefits and supplemental security income. Jones argues that the administrative law judge (ALJ) failed to consider all relevant evidence in concluding that Jones' impairments did not meet or equal those of Listing 1.04, the regulation identifying disorders of the spine that merit a conclusive presumption of disability and an award of benefits. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04; *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013). Jones also argues that the ALJ failed to give a sufficient explanation for assigning little weight to the report of Brandon Soule, a physician assistant who examined her.

We conclude that the ALJ sufficiently explained his reasoning and that substantial evidence supports the ALJ's conclusions. Accordingly, we affirm the district court's judgment.

I.

We begin with a discussion of the legal and procedural requirements governing claims for social security disability benefits or for supplemental security income on the basis of disability. An ALJ evaluating whether a claimant is disabled follows a sequential five-step process outlined in the regulations. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ evaluates, in sequence, (1) whether the applicant is engaged in substantial gainful activity, (2) the medical severity and duration of any impairments, (3) whether

2

those impairments meet or equal an enumerated "listing" in the regulations, (4) the applicant's residual functional capacity (RFC) to perform past relevant work, and (5) the applicant's ability to adjust to other work in light of her RFC. *Id.* In the present case, Jones challenges the ALJ's analysis of the "listings" in Step 3 and the RFC at Steps 4 and 5.

## II.

Jones is 50 years old and previously has worked as a receptionist and in other administrative jobs. Her medical record shows that she has a history of back pain and other spinal issues. Jones has been diagnosed with disc degeneration, disc herniation, sciatica, and lumbago. She also has difficulty walking, and uses a cane to assist with sitting down and standing up.

In February 2011, Jones filed a claim for disability insurance benefits, alleging that she has been unable to work since January 28, 2011, due to "arthritis of spine," "sciatic nerve," and "asthma." Her claim was denied initially and upon reconsideration. Following the denial of her claim on reconsideration, Jones requested a hearing before an ALJ.

After conducting a hearing, the ALJ concluded that Jones was not disabled within the meaning of the Social Security Act. In Steps 1 and 2 of the five-step evaluation, the ALJ determined that Jones had not engaged in substantial gainful activity since her alleged disability onset date, and that she had severe impairments caused by asthma, degenerative disc disease, and obesity. In Step 3, the ALJ found that Jones' back

impairments did not meet or medically equal the requirements of Listing 1.04 governing spinal disorders, because "the claimant has no documented motor, sensory, or reflex loss and is able to ambulate effectively." *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04.

The ALJ also found that Jones had the "residual functional capacity to perform less than the Full Range of sedentary work." In reaching this conclusion, the ALJ assigned little weight to physician reports that appeared to be "mere restatement" or "recitation" of Jones' subjective complaints. In addition, the ALJ assigned little weight to the opinion of certified physician assistant Brandon Soule, because Soule was "not a medical doctor or other acceptable medical source" and, in the ALJ's view, Soule's opinion was "internally inconsistent and not supported by the medical evidence of record." Relying on his assessment of RFC, the ALJ found that Jones could not perform her prior work but that she could perform other jobs that exist in significant numbers in the national economy. Based on this factual finding, the ALJ determined that Jones was not disabled and therefore denied Jones' claims for disability benefits and supplemental security income.

Jones filed a complaint in district court seeking judicial review of the ALJ's decision. Jones and the Commissioner of Social Security consented to have the case heard before a magistrate judge, who upheld the ALJ's decision and entered summary judgment in favor of the Commissioner. Jones now appeals from the district court's judgment.

4

III.

We will affirm an ALJ's disability determination when the ALJ applies the correct legal standards and the ALJ's factual findings are supported by substantial evidence. *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Construction of administrative regulations, such as the listings of impairments, are questions of law that we review de novo. *Radford*, 734 F.3d at 293.

A.

Jones contends that she established a conclusive presumption that she is disabled by showing that her impairments met or equaled the symptoms in Listing 1.04A or 1.04C. She argues that the ALJ erred in failing to treat Listings 1.04A, B, and C as three alternative grounds for satisfying Listing 1.04, and also failed to provide an adequate explanation for his reasoning.

In response, the Commissioner contends that the ALJ identified the proper legal standard, and gave sufficient explanation by highlighting the symptoms in the listings that were not satisfied by Jones' evidence. We agree with the Commissioner's argument.

In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [the] criteria, no matter how severely, does not qualify.") (citing SSR 83-19). However, the claimant need not show that all the listed symptoms were present simultaneously. *Radford*, 734 F.3d at 293–94. Instead, a claimant must show only that each of the listed symptoms are documented in the record,

5

and that the impairment is expected to last continuously for at least 12 months. *Id.* at 294 (citing 20 C.F.R. § 404.1509).

To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test." *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A. To establish an impairment meeting Listing 1.04C, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] [l]umbar spinal stenosis resulting in pseudoclaudication, . . . [2] manifested by chronic nonradicular pain and weakness, and [3] resulting in an inability to ambulate effectively." *Id.* § 1.04C. An "inability to ambulate effectively" is defined in the regulation as generally requiring two-handed assistance with walking, such as with a two-handed walker, two crutches, or two canes. *Id.* § 1.00B(2)(b)(1), (2).

We conclude that the ALJ sufficiently explained his reasoning at Step 3 by outlining the symptoms required by the listings and by identifying the listed symptoms that were not supported by Jones' medical record. For example, Listing 1.04A requires a showing of "motor loss," and the ALJ observed that Jones had "no documented motor, sensory, or reflex loss." And, notably, Jones has not identified any evidence in the record that would support such a finding of motor loss.

6

Similarly, Listing 1.04C requires a showing of an "inability to ambulate effectively," and the ALJ observed that the record established that she "is able to ambulate effectively." Jones' occasional use of a single cane does not qualify as "inability to ambulate effectively" which, as noted above, is defined by regulation to require two-handed assistance with walking. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00B(2)(b). Accordingly, we conclude that substantial evidence supports the ALJ's finding that Jones' impairments do not meet or equal Listing 1.04 under either paragraph A or paragraph C.

## B.

Jones also challenges the ALJ's decision to assign little weight to the report of certified physician assistant Brandon Soule. Jones argues that the ALJ did not adequately explain his reasoning and improperly disregarded the requirement of Social Security Ruling 06-3p that the ALJ consider statements from medical professionals who are not licensed physicians. *See* SSR 06-3p, 71 Fed. Reg. 45,593 (Aug. 9, 2006).

In response, the Commissioner argues that the ALJ properly decided to assign little weight to Soule's opinion because that opinion was inconsistent with other evidence in the record. Again, we agree with the Commissioner.

Under the Social Security regulations, impairments may only be established with evidence from "acceptable medical sources," which includes the opinions of licensed physicians. 20 C.F.R. §§ 404.1502, 404.1513(a). Social Security Ruling 06-3p instructs ALJs to consider evidence from sources other than "acceptable medical sources," such as the opinions of physician assistants, because such "other sources" evidence "may provide

7

insight into the severity of the impairment(s)" established by acceptable medical sources. SSR 06-3p, 71 Fed. Reg. at 45,594. Under this ruling, an ALJ may assign weight to the opinions of certified physician assistants based on factors that indicate reliability and expertise. *See id.* at 45,595–96. The ruling also instructs that ALJs "generally should explain the weight given to opinions from these 'other sources.'" *Id.* at 45,596.

Soule's opinion stated that Jones' pain was "distracting" to her ability to perform work, that she was unable to lift more than five pounds "occasionally," and that she could "never" engage in gross or fine manipulation but could "occasionally" push and pull, and climb stairs. Soule did not cite objective medical evidence in support of his opinion, and the record before us fails to support Soule's conclusions regarding the severity of Jones' limitations. In addition, as the ALJ noted, Soule's report was incomplete in parts and appears to contain internal inconsistencies, especially regarding Jones' degree of pain and Soule's lack of correlation of that pain to her physical limitations. We therefore conclude that substantial evidence supports the ALJ's decision to afford little weight to Soule's opinion, and that the ALJ adequately explained his reasoning in this regard.

IV.

For these reasons, we affirm the district court's judgment.

*AFFIRMED*

8