**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1430**

JAMES R. EZZELL,

                Plaintiff - Appellant,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever III, Chief District Judge. (7:14-cv-00251-D)

Submitted: January 31, 2017            Decided: May 4, 2017

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Charlotte W. Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, G. Norman Acker, III, Assistant United States Attorney, Todd J. Lewellen, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Ezzell appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Commissioner's denial of disability insurance benefits and supplemental security income. On appeal, Ezzell contends that the ALJ erred at Step Three of the sequential analysis by failing to consider the applicability of Listing 1.03 and that, in light of the ALJ's failure to resolve discrepancies between her findings and the medical evidence regarding Ezzell's ability to ambulate effectively, the district court erred in ruling that any such error was harmless. We agree and, accordingly, vacate and remand.

We "will affirm the Social Security Administration's disability determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015) (internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted).

An ALJ is not required to explicitly identify and discuss every possible listing; rather, he is compelled to provide a

coherent basis for his Step Three determination, particularly where the "medical record includes a fair amount of evidence" that a claimant's impairment meets a disability listing. Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). When there is "ample evidence in the record to support a determination" that the claimant's impairment meets or equals one of the listed impairments, the ALJ must identify "the relevant listed impairments" and compare "each of the listed criteria to the evidence of [the claimant's] symptoms." Cook v. Heckler, 783 F.2d 1168, 1172-73 (4th Cir. 1986); see also Radford, 734 F.3d at 295 (noting that "full explanation by the ALJ is particularly important" when "there is probative evidence strongly suggesting that [the claimant] meets or equals" a Listing).

Listing 1.03 pertains to "reconstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively . . . and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 1.03. The inability to ambulate effectively means "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having

3

insufficient lower extremity functioning . . . to permit independent ambulation without the use of a handheld assistive device(s) that limits the functioning of both upper extremities. 20 C.F.R., Pt. 404, Subpt. P, Appx. 1, § 1.00(B)(2)(b)(1). Examples of ineffective ambulation include, but are not limited to, "the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail." 20 C.F.R., Pt. 404, Subpt. P, Appx. 1, § 1.00(B)(2)(b)(2). The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation. Id.

Despite Ezzell's reconstructive hip surgery in July 2008, the ALJ did not consider the applicability of Listing 1.03. We cannot agree that any error in this regard was harmless in light of evidence in the record suggesting that, nearly a year after surgery, Ezzell was still unable to ambulate effectively. For example, two months shy of a full year from surgery, consultative examiner, Alan Cohen, M.D., observed that Ezzell used a simple cane for walking and standing and that the device was needed for small walks. He further reported that Ezzell was

4

unable to walk a block at a reasonable pace on a rough/uneven surface and unable to climb a few steps at a reasonable pace with the use of a single hand rail. These factors are included in the Regulations' non-exhaustive list of examples of ineffective ambulation. Dr. Cohen further opined that Ezzell's ability to sit, stand, lift, and carry was moderately impaired and that his ability to move about was severely impaired.

Significantly, in discussing Ezzell's residual functional capacity, the ALJ specifically referred to Dr. Cohen's observations, finding that they were "consistent with the clinical record," and "accurately describe[d] the functional impact of the medically determinable impairments upon the claimant." Accordingly, the ALJ gave Dr. Cohen's opinions "significant weight." Without any discussion, however, the ALJ concluded - implicitly rejecting Dr. Cohen's opinion - that Ezzell failed to show that his impairment resulted in the inability to ambulate effectively on a sustained basis.

We conclude that there is probative evidence in the record to support a determination that Ezzell's impairment meets or equals Listing 1.03. Furthermore, the ALJ's decision does not include a sufficient discussion of the evidence and explanation of its reasoning regarding Ezzell's ability to ambulate effectively such that meaningful judicial review is possible with respect to Listing 1.03. Accordingly, we vacate the

5

district court's order and remand with instructions to remand the case to the agency for further proceedings.

<u>VACATED AND REMANDED</u>
