**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 23-1858**

─────────────

GOBLE MCGUIRE, JR.,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Kenneth D. Bell, District Judge. (1:22-cv-00193-KDB)

─────────────

Submitted: August 19, 2024                Decided: October 16, 2024

─────────────

Before HEYTENS and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Carol Goins, Asheville, North Carolina, for Appellant. Brian C. O'Donnell, Associate General Counsel, David N. Mervis, Senior Attorney, David E. Somers, III, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Goble McGuire, Jr., appeals the district court's order affirming the Commissioner of the Social Security Administration's ("SSA") decision to deny his application for disability benefits. On appeal, McGuire asserts that the Administrative Law Judge ("ALJ") failed to properly consider the report of Deborah Barnett, PhD. We affirm.

We review the Commissioner's "decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017). Accordingly, we "must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (internal quotation marks omitted). In this context, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (internal quotation marks omitted).

We do "not reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ in reviewing for substantial error." *Id.* (cleaned up). "Rather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," we "defer to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (cleaned up). We do not, however, "reflexively rubber-stamp an ALJ's findings," *Dowling*, 986 F.3d at 383 (internal quotation marks omitted), and, to enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal

2

requirements to the record evidence," *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) (explaining that "ALJ must build an accurate and logical bridge from the evidence to his conclusion" (internal quotation marks omitted)).

"When reviewing whether a claimant is disabled, the ALJ must evaluate every medical opinion received against the record evidence" and "determine the level of weight given to each medical opinion provided and received." *Shelley C.*, 61 F.4th at 353. For claims, like McGuire's, that were filed before March 27, 2017,[1] an ALJ is normally required to accord more weight to the medical opinion of a treating source than to that of a non-treating source when evaluating conflicting medical opinion evidence. *Brown*, 873 F.3d at 268. "[T]he treating physician rule requires that ALJs give controlling weight to a treating physician's opinion . . . if that opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106-07 (4th Cir. 2020) (internal quotation marks omitted) (noting that treating physician's opinions can only be rejected if there is "persuasive contradictory evidence"). The ALJ must "provide a narrative discussion of how the evidence supported his conclusion" on this point, including by "identify[ing] which medical evidence" is inconsistent with the relevant physician's opinion. *Shelley C.*, 61 F.4th at 354 (internal

---

[1] The SSA has established a new regulatory framework for applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2023).

quotation marks omitted). In addition, "greater weight is generally accorded to the medical opinion of a source who has examined the claimant." *Arakas,* 983 F.3d at 110.

McGuire argues first that the ALJ erred in failing to properly apply the treating physician rule to Barnett's opinion. A treating physician is one who has (or had) "an ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1527(a)(2). If the claimant's relationship with the physician at issue was based "solely on [the claimant's] need to obtain a report in support of [the] claim for disability," the physician is not a treating source. *Id.* Barnett saw McGuire once and the visit was in connection with his application for disability benefits. As such, the treating physician rule was inapplicable to analysis of Barnett's opinion.

While Barnett did examine McGuire on one occasion, the ALJ did not reject Barnett's findings in favor of a non-examining physician. To the contrary, the ALJ found that McGuire's treating physician's records from the time period at issue were more relevant than Barnett's findings, which were documented after only one examination years after McGuire's date last insured. In addition, the ALJ considered that Barnett relied on McGuire's subjective reports but did not review his relevant medical records.

In his brief on appeal, McGuire does not explain how the ALJ erred except to say that Barnett was entitled to deference with regard to her conclusions regarding McGuire's intellectual limitations. Notably, McGuire does not dispute that his treating physician's notes from the relevant time period stated that McGuire's depression was well-controlled and that his mood was good. Nor does McGuire dispute that Barnett lacked any familiarity with McGuire's condition during the relevant time period, aside from McGuire's subjective

4

reports and his school records.  Further, McGuire does not explain how the ALJ erred by relying on McGuire's own statements in a function report regarding his memory, concentration, adaptability, and understanding.  Moreover, while the ALJ gave Barnett's opinion little weight, the ALJ did incorporate certain intellectual limitations into McGuire's residual functional capacity, including limiting McGuire to simple, routine, and repetitive tasks, without fast-paced production challenges or frequent workplace changes.

While the regulations and case law provide guidance for the consideration of treating and examining physicians' opinions, they do not require that controlling weight be given to such opinions if substantial evidence supports the conclusion that the opinions are unsupported or inconsistent with the record.  We find that the ALJ's conclusion that Barnett's opinion was not entitled to controlling or strong weight is in accordance with the law and supported by substantial evidence.  Accordingly, we affirm.[2]  We dispense with

---

[2] McGuire includes a second issue in his brief, which he describes as derivative of the alleged treating physician error.  He conclusorily asserts that the ALJ's analysis was deficient in evaluating the vocational limitations from McGuire's chronic pain.  However, McGuire does not provide any factual or legal analysis of this issue.  In any event, the ALJ considered McGuire's assertions that his severe pain interfered with his concentration and noted the medical evidence of chronic pain.  In finding that McGuire's statements were not entirely consistent with the record, the court relied upon medical records during the relevant time period showing that McGuire's pain was controlled and that he failed to obtain recommended MRIs or attend recommended physical therapy between appointments.  We find that the ALJ's analysis was appropriate and that McGuire's residual functional capacity reflected certain limitations to account for McGuire's ongoing pain, including limiting the physical demands of a job and limiting McGuire to simple and routine tasks. *See Wall v. Astrue*, 561 F.3d 1048, 1068 (10th Cir. 2009) (explaining that "disability requires more than the mere inability to work without pain" (internal quotation marks omitted)).

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*