**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1014**

_____

KRISTA KAY MILLER,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant - Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore.  J. Mark Coulson, Magistrate Judge.  (1:21-cv-02474-MMJM)

_____

Submitted:  February 24, 2025                Decided:  May 15, 2025

_____

Before RUSHING and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  Theodore A. Melanson, MIGNINI, RAAB, DEMUTH AND MURAHARI, LLP, Towson, Maryland, for Appellant.  Brian C. O'Donnell, Associate General Counsel, David N. Mervis, Senior Attorney, Paul B. Waxler, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Krista Kay Miller appeals the magistrate judge's order granting summary judgment to the Commissioner of Social Security and upholding the Administrative Law Judge's (ALJ) denial of Miller's applications for disability insurance benefits and supplemental security income. Miller claimed entitlement to disability benefits on the basis of several impairments, including depression, anxiety, and post-traumatic stress disorder. On appeal, Miller argues that the ALJ erred by declining to accord controlling weight to her treating psychiatrist's opinion, or, alternatively, that the ALJ failed to consider all the relevant factors in assessing how much weight to accord each of the physicians' opinions in the record.

"We review [a Social Security Administration] decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017). Accordingly, "[w]e must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (internal quotation marks omitted). In this context, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (internal quotation marks omitted). "Though the threshold for such evidentiary sufficiency is not high, it requires that more than a mere scintilla of evidence support the ALJ's findings." *Dowling*, 986 F.3d at 383 (internal quotation marks omitted).

2

"[W]e do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ" in evaluating whether a decision is supported by substantial evidence; "[r]ather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, we defer to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (cleaned up). "However, we do not reflexively rubber-stamp an ALJ's findings," *Dowling*, 986 F.3d at 383 (internal quotation marks omitted), and, to enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence," *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). "In other words, the ALJ must both identify evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (cleaned up), *superseded on other grounds as recognized in Rogers v. Kijakazi*, 62 F.4th 872, 878-80 (4th Cir. 2023).

"When reviewing whether a claimant is disabled, the ALJ must evaluate every medical opinion received against the record evidence" and "determine the level of weight given to each medical opinion provided and received." *Shelley C.*, 61 F.4th at 353. For claims, like Miller's, that were filed before March 27, 2017,[1] an ALJ is normally required to accord more weight to the medical opinion of a treating source than to that of a non-

---

[1] The SSA has established a new regulatory framework for applications filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2023).

3

treating source when evaluating conflicting medical opinion evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2023). "Accordingly, the treating physician rule requires that ALJs give controlling weight to a treating physician's opinion . . . if that opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020) (internal quotation marks omitted). The ALJ must "provide a narrative discussion of how the evidence supported his conclusion," including by "identify[ing] which medical evidence" is inconsistent with the relevant physician's opinion. *Shelley C.*, 61 F.4th at 354 (internal quotation marks omitted). "[W]here an ALJ fails to specify which specific objective evidence supports his conclusion, that analysis is incomplete and precludes meaningful review." *Id.* at 358 (internal quotation marks omitted).

When the ALJ does not give controlling weight to a treating source's opinion, he must consider a nonexclusive list of factors to determine the weight to give all the medical opinions in the record: (1) examining relationship; (2) treatment relationship; (3) supportability of the physician's opinion; (4) consistency of the opinion with the record; (5) specialization of the physician; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6) (2023); *Shelley C.*, 61 F.4th at 354. The ALJ is not required to discuss each factor in his decision. *See Dowling*, 986 F.3d at 385. However, "it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion." *Id.* (emphasis omitted). "Mere acknowledgement of the regulation's existence is insufficient and falls

4

short of the ALJ's duties." *Shelley C.*, 61 F.4th at 354. Rather, the "ALJ should give adequate attention to each . . . factor," *id.* at 355, and "must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning the claimant's conditions and limitations," *Woods*, 888 F.3d at 695 (cleaned up); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

"[I]n many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Arakas*, 983 F.3d at 106-07 (alterations, emphases, and internal quotation marks omitted). However, "if a physician's opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

We conclude that the ALJ failed to conform to applicable and valid regulations when assessing how much weight to accord the opinion of Miller's psychiatrist, Dr. Rajendra Lowtan. First, the ALJ erroneously denied Lowtan's 2017 opinion controlling weight because it was based on Miller's subjective reports. True, a treating physician's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive controlling weight. *Arakas*, 983 F.3d at 106. But as this Court has pointed out, "depression is incredibly subjective to each individual, with signs and symptoms experienced through intrusive feelings and thoughts, low and isolated moods, and even body aches and pains." *Shelley C.*, 61 F.4th at 357. "[N]o laboratory test has yielded results of sufficient sensitivity and specificity to be used as a diagnostic tool

5

for [depression]"; rather, symptoms of depression are "*entirely subjective*, determined on a case-by-case basis." *Id*. at 361 (emphasis in original). In such cases, a physician's use of subjective complaints "hardly undermines his opinion as to [the patient's] functional limitations, as a patient's report of complaints, or history, is an essential diagnostic tool." *Easterbrook v. Kijakazi*, 88 F.4th 502, 514 (4th Cir. 2023) (cleaned up). And indeed, "subjective statements from claimants should be treated as evidence *substantiating* the claimant's impairment." *Shelley C.*, 61 F.4th at 362 (internal quotation marks omitted). Therefore, the ALJ's decision to discount Lowtan's opinion because it was based on Miller's subjective reports was erroneous.

Second, the ALJ erred in finding that Lowtan's 2017 opinion was not entitled to controlling weight because it was inconsistent with other evidence in the record. Lowtan opined that Miller would struggle to concentrate, interact with coworkers appropriately, and attend work regularly. The ALJ made two findings that he deemed inconsistent with that opinion: (1) Miller's mental status examinations were unremarkable; and (2) her treatment was conservative. However, the ALJ did not adequately explain how Lowtan's findings were inconsistent with the record, which also included evidence regarding Miller's major depressive disorder and other diagnoses, the numerous medications prescribed to Miller, and the many years she underwent treatment.

Because Lowtan's opinion was based on acceptable diagnostic tools and consistent with the record, the ALJ's refusal to grant that opinion controlling weight fails to comply with the treating physician rule, codified in 20 C.F.R. § 404.1527(c)(2).

6

Moreover, even if the ALJ had adequately explained his decision not to accord Lowtan's 2017 opinion *controlling* weight, he did not sufficiently address each of the 20 C.F.R. § 404.1527(c) factors in explaining why he accorded the opinion only "little weight." JA 1087. The ALJ acknowledged that Lowtan was Miller's psychiatrist and, thus, was an examining source who had an established treating relationship with Miller. *See* 20 C.F.R. §§ 404.1527(c)(1), (2)(ii), 416.927(c)(1), (2)(ii). The ALJ also clearly considered whether Lowtan's opinion was supported by his treatment notes and consistent with the rest of the record. 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4). The ALJ also appears to have considered Lowtan's specialty in psychiatry. 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). It is not apparent, however, that the ALJ considered the extent of Lowtan's treating relationship with Miller. *See* 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).

Although the record shows that Lowtan had been treating Miller's mental conditions since before her alleged onset date, the ALJ did not acknowledge that fact. The earliest of Miller's appointments with Lowtan that the ALJ discussed was from March 2017, even though the record shows Miller had been seeing Lowtan since 2012. Although the ALJ is not required to discuss each piece of evidence or each factor in his decision, the failure to acknowledge at least five years of a treatment relationship makes it difficult to conclude that the ALJ adequately considered the length of this treatment relationship. Moreover, although the ALJ generally stated that he considered opinion evidence in accordance with the regulatory requirements, this Court has held that such "[m]ere acknowledgement of the regulation's existence is insufficient and falls short of the ALJ's duties," *Shelley C.*, 61

7

F.4th at 354.  Thus, the ALJ's decision not to accord any significant weight to Lowtan's opinion contravenes the applicable legal standards.

We therefore vacate the district court's order and remand the case with instructions to remand for further administrative proceedings consistent with this opinion.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] By this decision, we express no opinion on the ultimate outcome of Miller's applications for benefits.  And although we need not reach the question of whether the ALJ adequately explained his decision in relation to the other opinion evidence in the record, we note that if the ALJ on remand should decline to accord Lowtan's opinions controlling weight, then the ALJ must consider each of the relevant factors when deciding how much non-controlling weight to accord each opinion in the record.