**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1458

TERRY LEE KEENE,

  Plaintiff – Appellant,

v.

NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,

  Defendant – Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Albert David Copperthite, Magistrate Judge. (1:16-cv-00725-ADC)

Argued: March 21, 2018                                  Decided: May 2, 2018

Before NIEMEYER, TRAXLER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Christine P. Benagh, COLLIER-BENAGH LAW, P.L.L.C., Washington, D.C., for Appellant. Asheesh Agarwal, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee. **ON BRIEF:** Stephen M. Schenning, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland; Leah F. Golshani, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Keene appeals from the district court's judgment upholding a decision of the Social Security Administration ("SSA") denying her claim for disability benefits from May 24, 2012, to June 30, 2014.[1] The SSA determined that she was disabled beginning on July 1, 2014; this portion of the SSA's decision is not at issue. Keene argues primarily that in denying that she was disabled prior to July 1, 2014, the Administrative Law Judge ("ALJ") failed to properly analyze whether she met any of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Given the facts and circumstances of this particular case, we disagree and affirm the decision below.

I.

"In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence,

_____

[1] The decision on review was issued by a federal magistrate judge instead of a district judge. The parties agreed to disposition of the action in this manner. *See* 28 U.S.C. § 636(c).

2

we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

An ALJ is required to use a five-step sequential evaluation process in determining whether a claimant is disabled. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the ALJ determines "that the claimant has been working (step one) or that the claimant's medical impairments do not meet the severity and duration requirements of the regulations (step two), the process ends with a finding of 'not disabled.'" *Id.* If the ALJ reaches step three, he must either find that the claimant is disabled because the medical impairments meet or equal an impairment listed in the regulations, *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) ("A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition meets or equals the listed impairments." (internal quotation marks omitted)), or continue the analysis, but he cannot deny benefits at this step.

If the ALJ does not reach a conclusive determination after the first three steps, then the ALJ "assesses the claimant's residual functional capacity, which is the most the claimant can still do despite physical and mental limitations that affect her ability to work." *Mascio*, 780 F.3d at 635 (internal quotation marks omitted). In assessing residual functional capacity, "the ALJ must consider all of the claimant's medically determinable impairments of which the ALJ is aware." *Id.* (brackets and internal quotation marks

3

omitted).  The ALJ then proceeds to step four, where the ALJ either finds the claimant "not disabled because she is able to perform her past work," or proceeds to step five because "the exertion required for the claimant's past work exceeds her residual functional capacity." *Id.*

The claimant bears the burden of proof at the first four steps, *see Radford,* 734 F.3d at 291, but "[a]t step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience."  *Mascio*, 780 F.3d at 635 (internal quotation marks omitted).  If the Commissioner satisfies this evidentiary burden, then the ALJ "finds the claimant not disabled and denies the application for benefits." *Id.*

II.

In June 2012, Keene filed an application for disability insurance benefits ("DIB"), alleging a disability onset date of May 24, 2012.  Keene claimed that she was disabled due to a slipped disk, diabetes, hypothyroidism, hypertension, and sleep apnea.  The ALJ determined that Keene was not disabled prior to July 1, 2014, but that she became disabled on that date.  Keene challenges the decision of the magistrate judge to the extent that it upholds the ALJ's denial of disability benefits based on events prior to July 1, 2014.

In conducting the required five-step analysis, the ALJ first determined that since May 2012, Keene suffered from the severe impairments of "back disorder, status post spinal cord stimulator, diabetes mellitus, hypertension, peripheral neuropathy, status post

4

breast cancer, thyroid disorder and polyarthritis." A.R. 27. The ALJ stated that "these impairments [were] severe" because they "limit[ed] [Keene's] ability to do basic work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, and engaging in postural activities." A.R. 27.[2]

At step three, the ALJ determined that Keene did not meet or medically equal the severity of any of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. In particular, the ALJ considered listings 1.02 (major joint dysfunction), 1.04 (disorders of the spine), 4.02-4.04 (impairments of the cardiovascular system), 9.00 (endocrine disorders), 11.14 (peripheral neuropathy), and 13.10 (breast cancer). In turn, having determined that Keene was not disabled based on the listings, the ALJ moved to step four and concluded that, prior to July 1, 2014, Keene retained the residual functional capacity to perform sedentary work, except that she was limited to standing and walking for two hours each workday and performing "no more than occasional postural activity," and that she could never climb, balance, or have exposure to heights. A.R. 29. Finally, the ALJ found that, prior to July 1, 2014, Keene could perform her past relevant work as a corrections clerk and thus was not disabled from May 24, 2012, to June 30, 2014.

III.

Keene argues that at step three of the required analysis, the ALJ failed to adequately consider whether her impairments met or equaled listing 1.02.A. Keene

---

[2] The ALJ also found that, as of July 2014, Keene suffered from mood disorder, "a severe mental impairment." A.R. 28.

5

contends that the ALJ did not describe the requirements for the listed impairment and "failed to articulate any rationale for his conclusion" that Keene did not meet this listing. Brief of Appellant at 15.[3]

As noted, our review in the context of social security law is for substantial evidence. "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford,* 734 F.3d at 295 (citation omitted). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* (internal quotation marks omitted).

There is no requirement, however, that the ALJ provide an exhaustive point-by-point breakdown of each and every listed impairment. Rather, the ALJ is compelled to provide a coherent basis for his step-three determination. We must read the ALJ's decision as a whole. Indeed, courts have determined that an ALJ's step-three conclusion that the claimant did not meet the listing at issue can be upheld based on the ALJ's findings at subsequent steps in the analysis. *See Fischer–Ross v. Barnhart*, 431 F.3d 729, 734 (10th Cir. 2005).

---

[3] In her brief, Keene also contended that the ALJ failed to adequately consider whether her impairments met or equaled listing 1.04.A, relating to disorders of the spine. However, Keene conceded at oral argument that she cannot meet listing 1.04.A. Thus, any error involving the ALJ's consideration of listing 1.04.A would have been harmless.

6

Here, the ALJ considered Listing 1.02, Major dysfunction of a joint(s), which, as is relevant here, requires the "inability to ambulate effectively." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02.A. The inability to ambulate effectively is defined "generally as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities," 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00.B.2.b(1), and is characterized, in part, by the inability to travel without "companion assistance" or inability to sustain "a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living" *id.* at § 1.00.B.2.b(2). The ALJ noted that, prior to July 1, 2014, Keene had normal motor function, and that she "continue[d] to perform a wide range of daily activities which would contraindicate disabling pain." A.R. 30. The ALJ observed that Keene had "received minimal, conservative treatment" and did "not require any assistive device." A.R. 31. The ALJ concluded that this evidence was insufficient to show that Keene met this particular listing.

This court's function is not to substitute its own judgment for that of the ALJ, but to determine whether the ALJ's decision is supported as a matter of fact and law. There were a number of conflicts in the evidence here, and we do not second guess the ALJ in resolving those conflicts. In our view, the justification provided by the ALJ—albeit somewhat sparse—was sufficient to allow us to determine that the ALJ performed an adequate review of the whole record and that the decision is supported by substantial evidence.

IV.

7

We have considered all of the issues raised in Keene's briefs, including those not discussed in this opinion, and find them to be without merit.  Accordingly, the decision of the district court is affirmed.

*AFFIRMED*