**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2111**

KEVA BATES,

        Plaintiff - Appellant,

    v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Max O. Cogburn, Jr., District Judge. (1:17-cv-00043-MOC)

Submitted: May 31, 2018                         Decided: June 14, 2018

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Charlotte W. Hall, CHARLES T. HALL LAW FIRM, Raleigh, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Gill Beck, Assistant United States Attorney, Amy Rigney, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keva Bates appeals the district court's order upholding the Administrative Law Judge's (ALJ) denial of Bates' applications for disability insurance benefits and supplemental security income. On appeal, Bates argues that the ALJ failed to consider whether her chronic variable immune deficiency (CVID) and related infections met or equaled Listing 14.07A, contrary to *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013). We agree with Bates that the ALJ's written decision was inadequate in this respect. Accordingly, we vacate the district court's judgment and direct the court to remand the case to the agency for further proceedings consistent with this opinion.

"In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that

2

decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

The ALJ employs a five-step sequential process to evaluate a disability claim.[*] *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2018). At Step Three of the process, the ALJ must decide whether a claimant's impairment or combination of impairments meets or equals one of the listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2018). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). "A claimant is entitled to a conclusive presumption that [s]he is impaired if [s]he can show that [her] condition meets or equals the listed impairments." *Radford*, 734 F.3d at 291 (internal quotation marks omitted). When "there is ample evidence in the record to support a determination" that a claimant's impairment meets or equals one of the listed impairments, *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986), the ALJ must "identif[y] the relevant listed impairments" and "compare[] each of the listed criteria to the evidence of [the claimant's] symptoms," *id.* at 1173.

---

[*] We have previously described the sequential process:

[The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

*Radford*, 734 F.3d at 290-91 (internal quotation marks omitted).

Our review of the record leads us to conclude that the ALJ erred at Step Three by failing to analyze whether Bates' CVID and recurrent infections met or equaled Listing 14.07A, which concerns immune deficiency disorders and certain infections. Despite the ALJ's recognition that Bates suffered from CVID and recurrent infections, the ALJ failed to mention Listing 14.07A, let alone apply its requirements to Bates' case. Rather, the ALJ summarily found that Bates' "impairments . . . do not meet the criteria of any listed impairments," a boilerplate statement containing even less detail than that which we disapproved in *Radford*, 734 F.3d at 295. In light of the record evidence implicating Listing 14.07A, we conclude that the ALJ should have analyzed the issue, and we remand for the ALJ to do so in the first instance.

The agency seeks to avoid remand by offering several justifications for the ALJ's Step Three finding, but the ALJ's written decision contains none of those justifications. *See Patterson v. Bowen*, 839 F.2d 221, 225 n.1 (4th Cir. 1988) ("We must . . . affirm the ALJ's decision only upon the reasons he gave."). The agency also suggests that the ALJ's consideration of Bates' CVID and recurrent infections at other steps of the sequential process cures any Step Three error. However, we conclude that, reading the ALJ's decision as a whole, the ALJ failed to make findings pertinent to Listing 14.07A, and we will not divine a rationale for any implicit conclusion that Bates' medical conditions do not meet or equal Listing 14.07A.

We therefore vacate the district court's judgment and remand with instructions to remand the case to the agency for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*