**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2329

BARBARA SIDERS,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  David C. Norton, District Judge.  (5:20-cv-01667-DCN)

Submitted:  April 28, 2023                          Decided:  July 12, 2023

Before GREGORY and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished per curiam opinion. Senior Judge Traxler filed a dissenting opinion.

**ON BRIEF**: Dana W. Duncan, DUNCAN DISABILITY LAW, S.C., Nekoosa, Wisconsin, for Appellant.  Brian C. O'Donnell, Regional Chief Counsel, Thomas Moshang, Supervisory Attorney, Jordana Cooper, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Corey F. Ellis, United States Attorney, Marshall Prince, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barbara Siders appeals the district court's order accepting the recommendation of the magistrate judge and upholding the Administrative Law Judge's (ALJ) denial of Siders' applications for disability insurance benefits and supplemental security income. On appeal, Siders argues that the ALJ erred by declining to accord controlling weight to her treating physician's opinion, or, alternatively, that the ALJ failed to consider all the relevant factors in assessing how much non-controlling weight to accord each of the physicians' opinions in the record.

"We review an SSA [(Social Security Administration)] decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017). Accordingly, "[w]e must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (internal quotation marks omitted). In this context, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (internal quotation marks omitted). "Though the threshold for such evidentiary sufficiency is not high, it requires that more than a mere scintilla of evidence support the ALJ's findings." *Dowling*, 986 F.3d at 383 (internal quotation marks omitted).

"[W]e do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ" in evaluating whether a

2

decision is supported by substantial evidence; "[r]ather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, we defer to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (alteration and internal quotation marks omitted). "However, we do not reflexively rubber-stamp an ALJ's findings," *Dowling*, 986 F.3d at 383 (internal quotation marks omitted), and, to enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence," *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). "In other words, the ALJ must both identify evidence that supports [her] conclusion and build an accurate and logical bridge from that evidence to [her] conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration, emphases, and internal quotation marks omitted), *superseded on other grounds as recognized in Rogers v. Kijakazi*, 62 F.4th 872, 878-80 (4th Cir. 2023).

"When reviewing whether a claimant is disabled, the ALJ must evaluate every medical opinion received against the record evidence" and "determine the level of weight given to each medical opinion provided and received." *Shelley C.*, 61 F.4th at 353. For claims, like Siders', that were filed before March 27, 2017,[1] an ALJ is normally required to accord more weight to the medical opinion of a treating source than to that of a non-treating source when evaluating conflicting medical opinion evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2023); *Brown*, 873 F.3d at 268. "Accordingly, the

---

[1] The SSA has established a new regulatory framework for applications filed on or after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2023).

treating physician rule requires that ALJs give controlling weight to a treating physician's opinion . . . if that opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020) (internal quotation marks omitted). The ALJ must "provide a narrative discussion of how the evidence supported [her] conclusion," including by "identify[ing] which medical evidence" is inconsistent with the relevant physician's opinion. *Shelley C.*, 61 F.4th at 354 (internal quotation marks omitted). "[W]here an ALJ fails to specify which specific objective evidence supports [her] conclusion, that analysis is incomplete and precludes meaningful review." *Id.* at 358 (internal quotation marks omitted).

When the ALJ does not give controlling weight to a treating source's opinion, she must consider a nonexclusive list of factors to determine the weight to give all the medical opinions in the record: (1) examining relationship; (2) treatment relationship; (3) supportability of the physician's opinion; (4) consistency of the opinion with the record; (5) specialization of the physician; and (6) any other relevant factors. 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6) (2023); *Shelley C.*, 61 F.4th at 354. The ALJ is not required to discuss each factor in her decision. *See Dowling*, 986 F.3d at 385. However, "it must nonetheless be apparent from the ALJ's decision that [s]he meaningfully considered each of the factors before deciding how much weight to give the opinion." *Id.* (emphasis omitted). "Mere acknowledgement of the regulation's existence is insufficient and falls short of the ALJ's duties." *Shelley C.*, 61 F.4th at 354. Rather, the "ALJ should give adequate attention to each . . . factor," *id.* at 355, and "must include a narrative

4

discussion describing how the evidence supports [her] explanation of the varying degrees of weight [s]he gave to differing opinions concerning the claimant's conditions and limitations," *Woods*, 888 F.3d at 695 (alteration and internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Treating and examining sources' opinions are generally entitled to greater weight than those of non-examining or non-treating sources.  20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2).  And "in many cases, a treating physician's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight."  *Arakas*, 983 F.3d at 106-07 (alterations, emphases, and internal quotation marks omitted).  However, "if a physician's opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (internal quotation marks omitted); *see* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

We conclude that the ALJ abused her discretion when assessing how much weight to accord the opinions of Siders' primary care provider, Dr. Paul Weaver.  First, the ALJ's finding that Weaver's 2018 opinion was not entitled to controlling weight because it was inconsistent with other evidence in the record is not supported by substantial evidence.  The ALJ cited two specific inconsistencies during her discussion of this opinion: that Weaver's treatment records "reflect no significantly adverse mental health findings" and that Weaver noted in April 2018 that Siders was riding a bicycle for exercise.  (J.A. 11).[2]  It is not clear

---

[2] Citations to "J.A." refer to the contents of the Joint Appendix filed by the parties in this appeal.

that those pieces of evidence are inconsistent with Weaver's opinion. The ALJ did not adequately explain why the lack of substantial mental status findings in Weaver's treatment notes was inconsistent with his 2018 opinion, which focused largely on Siders' physical limitations. Moreover, the ALJ similarly did not explain why Weaver's note that Siders had ridden a bicycle for exercise because she tolerated that better than walking was inconsistent with his opinion that she could not stand or walk, and instead would need to sit, for most of the workday.

Setting these findings aside, the district court found the ALJ's decision was nonetheless supported by substantial evidence because "it is abundantly clear from the surrounding discussion in the ALJ's decision that she did, in fact, rely on the record as a whole in discounting [Weaver's] 2018 opinion." (J.A. 58 (internal quotation marks omitted)). However, as we recently emphasized, the ALJ must "specify which specific objective evidence supports [her] conclusion" to enable meaningful judicial review. *Shelley C.*, 61 F.4th at 358. Thus, neither the ALJ's general discussion of the evidence in the record nor her blanket assertion that Weaver's opinion was unsubstantiated by his clinical findings and inconsistent with the additional evidence in Siders' case file provides an adequate explanation of her findings on this issue.

Moreover, even if the ALJ had adequately explained her finding that Weaver's 2018 opinion was not entitled to controlling weight, she did not sufficiently explain her assessment of how much non-controlling weight to accord that opinion. The ALJ acknowledged that Weaver was Siders' primary care provider and, thus, was an examining source who had an established treating relationship with Siders. 20 C.F.R.

6

§§ 404.1527(c)(1), (2)(ii), 416.927(c)(1), (2)(ii).  The ALJ also clearly considered whether Weaver's opinion was supported by his treatment notes and consistent with the rest of the record.  20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4).  It is not apparent, however, that she considered that Weaver was a specialist in internal medicine, 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5), or, most significantly, that she considered the extent of his treating relationship with Siders, 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i).

Although the record shows that Weaver had been treating Siders' conditions since before her alleged onset date, the ALJ did not acknowledge that fact.  And the earliest of Siders' appointments with Weaver that the ALJ discussed was from January 2017, even though the earliest appointment in the record is from April 2016.  Although the ALJ is not required to discuss each piece of evidence or each factor in her decision, the failure to acknowledge at least eight months of treatment records makes it difficult to conclude that the ALJ adequately considered the length of this treatment relationship.  Moreover, while the ALJ generally stated that she considered "the entire record" and "considered opinion evidence in accordance with the requirements of" the relevant regulations (J.A. 9), such "[m]ere acknowledgement of the regulation's existence is insufficient and falls short of the ALJ's duties," *Shelley C.*, 61 F.4th at 354.  Thus, the ALJ's decision not to accord significant weight to Weaver's 2018 opinion is not in accordance with the applicable legal standards.

7

We therefore vacate the district court's order and remand the case with instructions to remand for further administrative proceedings consistent with this opinion.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*

---

[3] By this decision, we express no opinion on the ultimate outcome of Siders' applications for benefits.  And although we need not reach the question of whether the ALJ adequately explained her decision in relation to the other opinion evidence in the record, we note that if the ALJ on remand should decline to accord Weaver's opinions controlling weight, then the ALJ must consider each of the relevant factors when deciding how much non-controlling weight to accord each opinion in the record.

TRAXLER, Senior Judge, dissenting:

I believe that the ALJ adequately explained why she declined to give controlling weight to the opinion of Siders' treating physician and that her decision denying benefits is supported by substantial evidence. Accordingly, I would affirm the judgment of the ALJ.