**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1437**

MONICA WOODY,

       Plaintiff - Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

       Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:20-cv-00918-WO-LPA)

Submitted: August 28, 2023              Decided: September 6, 2023

Before HARRIS and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Derrick Kyle Arrowood, ARROWOOD AND HALL, PLLC, Raleigh, North Carolina, for Appellant. Sandra J. Hairston, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina; Brian C. O'Donnell, Regional Chief Counsel, Taryn Jasner, Deputy Regional Chief Counsel, Maija DiDomenico, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Monica Woody appeals the district court's order accepting the magistrate judge's recommendation and affirming the Administrative Law Judge's (ALJ) denial of Woody's application for disability insurance benefits. Because the ALJ did not adequately explain his decision, we vacate the district court's order and remand for further administrative proceedings.

"We review an SSA decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017). Accordingly, "[w]e must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (quotation marks omitted). Whether an ALJ adequately explained his decision is a legal question and is therefore subject to de novo review. *See Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

The Commissioner uses a five-step process to evaluate a disability claim. 20 C.F.R. § 404.1520(a)(4) (2023). "Steps 1 through 3 ask: (1) whether the claimant is working; (2) if not, whether she has a severe impairment; and (3) if she does, whether the impairment meets or equals a listed impairment." *Patterson*, 846 F.3d at 659 (quotation marks omitted). "If the claimant fails at step [3], the ALJ must then determine the claimant's residual functional capacity ('RFC')," which is the most a claimant can still do despite her physical and mental limitations. *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017). "After determining the claimant's RFC, the ALJ proceeds to step [4]" and

2

determines whether the claimant is "able to perform [her] past work." *Id.* at 255 (quotation marks omitted).  If the claimant is unable to perform her past work, "the ALJ finishes at step [5], where the burden shifts to the Commissioner." *Id.*  To withhold benefits, "the Commissioner must prove . . . that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience." *Id.* (cleaned up).

To enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Thomas*, 916 F.3d at 311 ("[M]eaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion.").

Woody contends the ALJ failed to adequately explain why the limitations included in the RFC sufficiently accounted for her headaches.  Most significantly, she contends the ALJ erred by not making specific findings regarding how often she would be absent from work due to the frequency and severity of her headaches.  We agree.  The vocational expert testified a hypothetical person would be precluded from maintaining full time employment if she were absent more than once a month.  The record shows that, even after receiving treatment that reduced the frequency of her headaches, Woody still reported getting headaches about once a week.  And although Woody told her physicians the severity of her headaches had lessened with treatment, the record does not establish whether her headaches nevertheless remained severe enough to cause her to be absent from work when they occurred. The ALJ did not make specific factual findings on that point.  The ALJ's failure

3

to reach an "express conclusion in the first instance" on the potentially dispositive issue of whether the frequency and severity of Woody's headaches would cause her to be absent from work more than once a month—or to explain how, despite any potential absences, the evidence supported his finding that the limitations included in the RFC sufficiently accounted for Woody's impairments—is an error of law that necessitates remand. *Dowling*, 986 F.3d at 388; *see Thomas*, 916 F.3d at 311-12.

We therefore vacate the district court's order and remand with instructions to remand for such further administrative proceedings as may be appropriate.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] By this disposition, we express no opinion on the ultimate merits of Woody's application for benefits. "We simply ask the ALJ to give us a clearer window into [his] reasoning." *Thomas*, 916 F.3d at 313.