**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 22-1600**

―――――――――――

MARTHA MAE JOHNSON,

　　　　　Plaintiff - Appellant,

　　　v.

COMMISSIONER OF SOCIAL SECURITY,

　　　　　Defendant - Appellee.

―――――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Robert J. Conrad, Jr., District Judge.  (5:21-cv-00004-RJC-DSC)

―――――――――――

Submitted:  November 30, 2023　　　　　　Decided:  December 21, 2023

―――――――――――

Before WILKINSON, HARRIS, and HEYTENS, Circuit Judges.

―――――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:** Samuel F. Furgiuele, Jr., Boone, North Carolina, for Appellant.  Dena J. King, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina; Wanda D. Mason, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martha Mae Johnson appeals the district court's order accepting the magistrate judge's recommendation and affirming the administrative law judge's (ALJ) denial of Johnson's application for supplemental security income.  On appeal, Johnson argues that the ALJ did not adequately explain her assessment of Johnson's residual functional capacity (RFC), that the RFC is not supported by substantial evidence, and that the ALJ erred by relying on testimony from a vocational expert (VE).  Because the ALJ did not provide an adequate explanation for her decision, we vacate the district court's order and remand for further proceedings before the ALJ.

"We review [a Social Security Administration (SSA)] decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017).  Accordingly, "[w]e must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (internal quotation marks omitted).  Whether an ALJ adequately explained her decision is a legal question subject to de novo review. *See Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

The regulations prescribe "a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).  The ALJ first "looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id.*  If the claimant has such a condition or impairment, then "the ALJ must evaluate the intensity, persistence, and

limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id.* The second step requires the ALJ to consider "the entire case record," including both objective evidence and the claimant's "statements about the intensity, persistence, and limiting effects of symptoms." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023) (internal quotation marks omitted). To enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

Importantly, the ALJ "must build an *accurate and logical* bridge from the evidence to [her] conclusions." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (emphasis added) (internal quotation marks omitted). Our review of the record leads us to conclude that the ALJ did not do so here, specifically regarding her findings that Johnson could stand and walk for six hours out of an eight-hour workday and did not need to use an assistive device to do so. Although the ALJ cited evidence to support her findings, that evidence does not build an accurate and logical bridge to those findings. For example, the ALJ rejected Johnson's allegations that she needed to use a rolling walker to ambulate because that device was not prescribed by a physician; a neurosurgeon could not identify a clear cause for all of Johnson's subjective complaints and, thus, did not recommend her for surgery; and several exams showed Johnson had normal strength in her lower extremities. But the lack of a prescription is not determinative of a claimant's need for an assistive device. Johnson's use of a walker or other assistive device was substantially based

3

on her complaints of imbalance and leg and back pain, not solely on her perceived leg weakness. And the neurosurgeon's decision not to recommend Johnson for spinal surgery has no clear bearing on whether she had difficulty walking or needed to use an assistive device to do so. Moreover, although the ALJ called the neurosurgeon's findings significant, she failed to explain how those findings supported the RFC—a connection that is not independently clear from the record.[1]

An ALJ's obligation to provide a "logical explanation" for her findings "is just as important as" whether her conclusions are supported by substantial evidence. *Thomas*, 916 F.3d at 311. The ALJ's failure to do so here is reversible error.[2] We therefore vacate the district court's order and remand with instructions to remand for such further administrative proceedings as may be appropriate.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[1] Finally, we note that because the ALJ did not question the VE regarding the effect needing to use an assistive device to ambulate would have on the jobs available to a person with Johnson's RFC, it is not clear from the record whether the inclusion of such a limitation in the RFC would affect the ultimate finding of disability in this case.

[2] We therefore decline to address Johnson's remaining arguments on appeal.

[3] By this disposition, we express no opinion on the ultimate merits of Johnson's application for benefits.

4