**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-1947**

─────────────

JEREMY ALI COLLINS,

> Plaintiff - Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

> Defendant - Appellee.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:21-cv-00007-HEH)

─────────────

Submitted:  March 20, 2024                                    Decided:  April 2, 2024

─────────────

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Joel C. Cunningham, Jr., CUNNINGHAM LAW GROUP, P.C., Halifax, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Jonathan Holland Hambrick, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Ali Collins appeals from the district court's order adopting the report and recommendation of the magistrate judge and affirming the Commissioner's denial of Collins' application for disability benefits. On appeal, Collins avers that the Administrative Law Judge (ALJ) failed to consider relevant evidence of Collins' debilitating pain. We affirm.

On appeal, Collins asserts that the ALJ failed to consider four relevant pieces of evidence when considering the intensity and persistence of his symptoms and his ability to work a sedentary job. Specifically, he cites to the following: (1) in February 2017, Collins was readmitted to the hospital for recurrent leg pain; (2) Collins' pain after his November 2016 surgery, while somewhat improved, was still significant; (3) Collins' significant pain was related to any period of sitting or other activities; and (4) Collins repeatedly complained of "severe" pain, most often at a 6 out of 10 on the pain scale with medication, at various appointments from May 2016 until February 2017.

We review the Commissioner's "decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017). Accordingly, we "must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (internal quotation marks omitted). In this context, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341,

2

353 (4th Cir. 2023) (internal quotation marks omitted). "Though the threshold for such evidentiary sufficiency is not high, it requires that more than a mere scintilla of evidence support the ALJ's findings." *Dowling*, 986 F.3d at 383 (internal quotation marks omitted).

We do "not reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ in reviewing for substantial error." *Shelley C.*, 61 F.4th at 353 (cleaned up). "Rather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," this court "defer[s] to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (cleaned up). We do not, however, "reflexively rubber-stamp an ALJ's findings," *Dowling*, 986 F.3d at 383 (internal quotation marks omitted), and, to enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence," *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

Contrary to Collins' arguments, the ALJ addressed much of the evidence he raised. The ALJ noted Collins' complaints of constant pain severe enough to affect his ability to concentrate and focus. While the ALJ did not note his readmission following the November 2016 surgery, the ALJ did discuss examinations and an MRI that occurred during that hospital stay and noted that Collins had limited range of motion at the time in his left leg due to pain. The ALJ specifically accounted for Collins' reports of pain by limiting him to unskilled work. However, the ALJ found that Collins' statements regarding his pain and limitations were not entirely consistent with the medical and other evidence

3

in the record.  For example, the ALJ noted repeated normal medical findings and evidence of improvement, as well as extensive daily activities.

Collins does not dispute the ALJ's findings that his physical examinations frequently reflected a normal range of motion and strength or that his daily activities were extensive and inconsistent with the pain and limitations he reported.  Moreover, he does not allege that the ALJ misrepresented his activities or the overall medical record.  Instead, Collins essentially asserts that, by failing to explicitly note that he reported that sitting and other activities caused him significant to severe pain and that he was readmitted to the hospital after a surgery, the ALJ erred.  However, the ALJ repeatedly noted Collins' complaints of pain, but found them partially inconsistent with the evidence that Collins was mobile and independent in the activities of daily living, including activities requiring sitting like driving.  Moreover, the evidence to which Collins cites does not single out sitting as the major or only stressor.  Instead, Collins reported on that day that his pain was exacerbated by "sitting or activities."  (J.A. 881).  In addition, on other days, Collins reported that his pain was exacerbated by standing, walking, travelling, etc.  Thus, the ALJ's consideration of Collins' reports of pain were reasonably not limited or focused on pain while sitting.

While Collins points to evidence in the record that, if believed, would support the imposition of greater restrictions to account for his pain, we find that the ALJ reasonably weighed the evidence and came to a conclusion that is supported by substantial evidence. Accordingly, we affirm.  We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED*