**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1697**

———————

MELINDA H. GRIFFIS,

        Plaintiff - Appellant,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:21-cv-00354-GCM)

———————

Submitted:  June 12, 2024                        Decided:  June 17, 2024

———————

Before NIEMEYER, KING, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Carol Goins, Asheville, North Carolina, for Appellant.  Brian C. O'Donnell, Associate General Counsel, David N. Mervis, Senior Attorney, Dena J. King, United States Attorney, James A. McTigue, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Administrative Law Judge (ALJ) considered Melinda H. Griffis's application for disability insurance benefits and supplemental security income, alleging a disability onset date of January 23, 2017, due to generalized anxiety disorder, agoraphobia, bipolar disorder, personality disorder, degenerative disc disease, PTSD, hypothyroidism, and obesity.[1]  The ALJ ruled that Griffis was not disabled prior to January 8, 2019, but that she became disabled on that date.  Because Griffis's insured status expired on June 30, 2018, her claim for disability insurance benefits was denied.  However, she was granted Supplemental Security Income benefits commencing on January 8, 2019.

Griffis challenged the denial of disability insurance benefits in district court.  The district court affirmed the decision of the ALJ, and this appeal followed.  On appeal, Griffis contends that the ALJ erred in failing to give controlling weight to the opinions of Deborah Barnett, Ph.D. (treating doctor) and Mindy E. Pardoll, Psy.D. (examining doctor).  We affirm.

We review the Commissioner's "decision only to determine if it is supported by substantial evidence and conforms to applicable and valid regulations."  *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017).  Accordingly, we "must uphold the ALJ's decision if the ALJ applied correct legal standards and if the factual findings are supported by substantial evidence."  *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382-83 (4th Cir. 2021) (internal quotation marks omitted).  In this context,

---

[1] The current appeal only raises issues concerning Griffis's mental health.

2

"[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 353 (4th Cir. 2023) (internal quotation marks omitted).

We do "not reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ in reviewing for substantial error." *Id.* (cleaned up). "Rather, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," we "defer to the ALJ's decision." *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020) (cleaned up). We do not, however, "reflexively rubber-stamp an ALJ's findings," *Dowling*, 986 F.3d at 383 (internal quotation marks omitted), and, to enable meaningful judicial review, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence," *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *see also Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017) (explaining that "ALJ must build an accurate and logical bridge from the evidence to his conclusion" (internal quotation marks omitted)).

"When reviewing whether a claimant is disabled, the ALJ must evaluate every medical opinion received against the record evidence" and "determine the level of weight given to each medical opinion provided and received." *Shelley C.*, 61 F.4th at 353. For claims, like Griffis's, that were filed before March 27, 2017,[2] an ALJ is normally required

---

[2] The SSA has established a new regulatory framework for applications filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c (2023).

to accord more weight to the medical opinion of a treating source than to that of a non-treating source when evaluating conflicting medical opinion evidence. *Brown*, 873 F.3d at 268. "Accordingly, the treating physician rule requires that ALJs give controlling weight to a treating physician's opinion . . . if that opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with the other substantial evidence in the record." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020) (internal quotation marks omitted) (noting that treating physician's opinions can only be rejected if there is "persuasive contradictory evidence"). The ALJ must "provide a narrative discussion of how the evidence supported his conclusion" on this point, including by "identify[ing] which medical evidence" is inconsistent with the relevant physician's opinion. *Shelley C.*, 61 F.4th at 354 (internal quotation marks omitted). In addition, "greater weight is generally given to the medical opinion of an examining source who has directly examined the claimant." *Arakas,* 983 F.3d at 110-11.

Here, the ALJ reviewed Barnett's[3] and Pardoll's opinions, noting that their examination notes and results did not support the extent of the limitations identified. Accordingly, the ALJ afforded the opinions little weight. The ALJ determined that the opinions were not consistent with Griffis's daily activities or her medical record as a whole. The ALJ additionally concluded that some of the limitations noted were based only on Griffis's subjective complaints. The ALJ particularly identified inconsistencies between Barnett's ultimate conclusions and the exam results in the area of social functioning.

---

[3] Barnett's opinion under review was conducted in 2017.

4

In her brief on appeal, Griffis does not explain how the ALJ erred except to say that the opinions of Barnett, a treating physician, and Pardoll, an examining physician, were entitled to controlling weight. However, Griffis does not contend that the ALJ's findings that the doctors' conclusions were not supported by their own treatment notes, exam results, or Griffis's daily activities is incorrect. Further, Griffis does not dispute that, prior to 2019, she responded well to therapy and medication management. While *Arakas* provides guidance for the consideration of treating and examining physicians' opinions, it does not require that controlling weight be given to such opinions if substantial evidence supports the conclusion that the opinions are unsupported or inconsistent with the record.

As such, we find that the ALJ's conclusion that the opinions were not entitled to controlling weight is in accordance with the law and supported by substantial evidence. Thus, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*